UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DURIEL JAREAU WILLIAMS,

        Petitioner,

   v.                                 CAUSE NO. 3:19-CV-1049 DRL-MGG

WARDEN,

        Respondent.

### OPINION AND ORDER

Duriel Jareau Williams, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder under Case No. 45G04-1302-MR-2. Following a jury trial, on June 17, 2015, the Lake Superior Court sentenced Mr. Williams to sixty-five years of incarceration.

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the evidence presented at trial:

> On January 28, 2013, Erich Beard was shot and killed in Lake County, Indiana. Prior to the shooting, Brandi Phillips, who had previously dated Williams, had been traveling around in Gary in Beard's truck with Beard, Williams, and another woman. Phillips was present when Williams and Beard exited the truck and Williams pointed a gun at Beard and shot him three or four times. At some point after the shooting, Phillips was riding in a car with her aunt and saw Williams, who entered the car and told Phillips that she "better not have ran her mouth." Police later contacted Phillips and showed her a photographic array, and Phillips identified a person in the array as Williams but refused to sign it.

On February 12, 2013, the State charged Williams with the murder of Beard.

\* \* \*

The jury found Williams guilty of murder on May 6, 2015, and the court sentenced him to sixty-five years.

ECF 17-6 at 2-6; *Williams v. State*, 2016 WL 900571 (Ind. App. Ct. 2016).

In the habeas petition, Murphy asserts that he is entitled to habeas relief because the trial court violated his rights under the confrontation clause and because he received ineffective assistance of trial counsel and appellate counsel.

## TIMELINESS

The Warden argues that the petition is untimely. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Based on review of the record, the limitations period began to run in this case from the date on which the judgment became final pursuant to Section 2254(d)(1)(A). On May 26, 2016, the Indiana Supreme Court denied the petition to transfer on direct appeal (ECF 17-2), so Mr. Williams' conviction became final when the time for petitioning the United States Supreme Court for a writ of certiorari expired on August 24, 2016. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court on direct appeal, his conviction becomes final when the time for filing a petition expires). Three hundred eight days later, on June 28, 2017, Mr. Williams initiated post-conviction proceedings, and, on May 14, 2019, the Indiana Court of Appeals certified the opinion denying post-conviction relief as final. ECF 17-8; ECF 17-9. The limitations period expired fifty-seven days later on July 10, 2019. Mr. Williams did not file the habeas petition until October 2, 2019 (ECF 1), so the habeas petition is untimely.

Mr. Williams argues that the untimely nature of the petition should be excused under the equitable tolling doctrine because the Indiana Supreme Court denied the petition for transfer on May 26, 2016, and appellate counsel did not advise him of the denial until June 1, 2017. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631,

649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870.

To start, appellate counsel's delay in advising Mr. Williams that the Indiana Supreme Court had denied his petition to transfer is, at most, "a garden variety claim of excusable neglect" that does not amount to an extraordinary circumstance that warrants equitable tolling. *See Holland v. Fla.*, 560 U.S. 631, 651–52 (2010). Further, it is unclear that this late notice prevented Mr. Williams from filing a timely habeas petition given that appellate counsel advised Mr. Williams of the denial before the limitations period elapsed. ECF 24-1 at 1. To Mr. William's point, appellate counsel's error may have squandered much of the limitations period, but, as of June 1, 2017, eighty-four days remained, and, due to statutory tolling, the limitations period did not expire until more than two years later on July 10, 2019. Additionally, appellate counsel expressly advised Mr. Williams that he needed to promptly initiate post-conviction proceedings to preserve the ability to file a federal habeas petition.

Mr. Williams also has not shown that he acted with reasonable diligence throughout the limitations period. The letter from appellate counsel implies that Mr. Williams wrote to ask about the status of his appeal shortly before June 1, 2017, but the

4

record contains no indication that Mr. Williams took measures at any other time to monitor the status of the appeal by contacting appellate counsel or by reviewing the Indiana Supreme Court's docket. Nor does it appear that Mr. Williams exercised reasonable diligence after the conclusion of post-conviction proceedings with fifty-seven days remaining on the limitations period. Though Mr. Williams contends that he lacked sufficient legal experience to prepare a habeas petition within that timeframe, the record demonstrates that he had access to the court's form for habeas petitions, and he had already raised each of his habeas claims in court on three separate occasions.[1] ECF 1. The record further demonstrates that Mr. Williams filed a petition for post-conviction relief just fifteen days after appellate counsel informed him that the petition to transfer had been denied. ECF 18-6 at 12-22.

In sum, Mr. Williams has not demonstrated an extraordinary circumstance that prevented him from timely filing nor has he demonstrated reasonable diligence in pursuing his rights. Therefore, the court declines to excuse the untimely nature of the petition with equitable tolling and denies the petition as untimely.

CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that

---

[1] The sole exception is the claim that appellate counsel rendered ineffective assistance by not timely notifying Mr. Williams of the Indiana Supreme Court's denial of transfer, but this claim is not a valid basis for habeas relief because there is no right to effective assistance of counsel at discretionary levels of review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging Mr. Williams to proceed further in federal court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) because the claims are untimely;

(2) DENIES Duriel Jareau Williams, a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

September 3, 2021                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court